FILED

2009 May-14  PM 02:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

MATTHEW BEECH,                    }
                                  }
        Plaintiff,                }
                                  }        CIVIL ACTION NO.
v.                                }        89-AR-0789-M
                                  }
OUTBOARD MARINE CORPORATION,      }
                                  }
        Defendant.                }
                                  }

### MEMORANDUM OPINION AND ORDER

Before the court is the amended motion or purported motion of
plaintiff, Matthew Beech ("Beech"), to modify or remove the
protective order entered by a magistrate judge of this court on
November 17, 1989, in the above-captioned case. Defendant, Outboard
Marine Corporation ("OMC"), opposes or purports to oppose the
motion. Oral argument was held on May 8, 2009.

### Pertinent Procedural History[1]

Although the protective order entered on November 17, 1989,
speaks for itself, it was designed to ensure the confidentiality of
certain documents produced in this hoary matter by OMC. When on
July 16, 1991, this court granted OMC's motion for summary
judgment, this case was closed. Pursuant to administrative
protocol, the court file, if it still exists, is in the archives,
meaning that the current matter is before the court on the papers
filed on or after April 21, 2009, when the motion now under

---

[1] For a factual summary of the case, see *Beech v. Outboard Marine Corp.*,
584 So. 2d 447 (Ala. 1991).

consideration was filed.

After the case was closed, R. Ben Hogan, III ("Hogan"), the lawyer who represented Beech, kept in his possession certain discovery documents that are or may be covered by the said protective order. This court has not examined the documents and has not been asked to examine them. The protective order contemplates a return of discovery documents to OMC upon OMC's request. The current motion asserts, without contradiction, that OMC has never made such a request. In approximately August 2001, OMC was discharged in a Chapter 7 bankruptcy proceeding. Whether OMC still exists is an unanswered question.

Precipitating the current motion, counsel for the plaintiffs in a case against OMC now pending in Florida, entitled *Decker v. Outboard Marine Corp.*, No. 02-1970 (Fla. 20th Cir. Ct. 2009), asked Hogan to allow them access to the subject documents. *Decker* is set for trial on June 8, 2009. The current motion alleges, without contradiction, that counsel who is defending OMC in *Decker* has denied the existence of such documents. Attached to the current motion is a paper filed by OMC in *Decker*. *Inter alia,* it states:

> OMC is no longer in operation. As a result of their participation in OMC's bankruptcy proceedings, Plaintiffs Decker and their counsel are also on notice of and bound to the Orders of the Honorable Ronald Barliant, United States Bankruptcy Judge, including those granting the Trustee's motion to **abandon the records of OMC.**

(emphasis supplied).

Janine L. Smith ("Smith"), who identifies herself as having

2

been retained in this matter by OMC's insurer in *Decker*, appeared at the May 8, 2009 hearing for the limited purpose of opposing any modification of the protective order. She informed the court that a Trustee for OMC in its Chapter 7 bankruptcy still exists, but she has been unsuccessful in her attempts to locate him or to communicate with him. His position on the issue before the court, if he has one, is unknown. Likewise, Hogan has been unable to locate Beech, his former client. If this motion presents a justiciable controversy, it is, in reality, a controversy between a lawyer who represented a client twenty years ago and the insurer of a discharged bankrupt. Each side expresses doubt about the standing of the other.

## **Discussion**

Despite Hogan's objection to OMC's insurer in *Decker* having any right to object to the vacation of the protective order, the court finds that under these peculiar circumstances, both sides have a right to be heard by this court. Smith can speak for OMC or for its insurer. Hogan can speak for Beech or for himself. The actual parties, Beech and OMC, may no longer have an interest. The court disagrees with Smith's argument that the court lacks jurisdiction to modify or eliminate its protective order. The protective order has probably slowly disappeared over the years by something akin to laches or to the rule of repose. If a protective order in a case that was concluded 20 years ago is still viable,

3

why not 50 years, or 100 years? If this protective order can be enforced by an unnamed insurance company that was never a party in the case, it is nevertheless true that any protective order can be modified in an exercise of the court's sound discretion. *SRS Techs., Inc. v. Physitron, Inc.*, 216 F.R.D. 525, 529 (N.D. Ala. 2003). Not surprisingly, neither Hogan nor Smith has cited, nor has this court unearthed, any case law to provide an answer to the question presented by this *sui generis* scenario. The pertinent facts are: (1) the order is 20 years old; (2) the defendant has been in bankruptcy for 7 years; (3) OMC never has asked Hogan to return the documents; (4) OMC's bankruptcy Trustee has abandoned OMC's records; (5) there is nothing to prevent OMC in *Decker* from seeking a similar protective order from the Florida court; and (6) this court's order vacating the protective order will be accompanied by the condition that Hogan can deliver copies of the subject documents to others only after he has revealed them to Smith.

For these reasons, and in an exercise of the court's discretion, Beech's motion is GRANTED. The protective order of November 17, 1989, to the extent that it may have lingering enforceability, is hereby VACATED, subject, however, to OMC's residual right to obtain copies of the covered documents before this order becomes effective. In other words, only after Hogan furnishes Smith copies of the OMC documents in his possession can

4

Hogan furnish copies to anyone else.

DONE this 14th day of May, 2009.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

5